# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RALPH N. LESTER,

    Plaintiff,

v.    Civil No. 04-1139 WJ/WDS

THE STATE OF NEW MEXICO,
MOTOR VEHICLE DIVISION (MVD),
THE CITY OF ALBUQUERQUE,
THE ALBUQUERQUE POLICE
DEPARTMENT, and THE BERNALILLO
COUNTY METROPOLITAN
DETENTION CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion to Dismiss filed by Defendants State of New Mexico and Motor Vehicle Division ("New Mexico Defendants"), filed March 8, 2005. **(Doc. 38)**.[1] Plaintiff is proceeding *pro se* and *in forma pauperis*. In his Second Amended Complaint, Plaintiff alleges that Defendants have wrongfully detained his drivers' license, his automobile and his automobile's contents, including a briefcase, and that Plaintiff has suffered monetary damages as a result.

The New Mexico Defendants argue two grounds for dismissal: (1) failure to state a claim under Fed.R.Civ.P. 12(b)(6), and (2) immunity under the Eleventh Amendment. The Court's dismissal of Plaintiff's claims based on jurisdictional grounds eliminates the need to address Defendants' first argument. See, Martin v. Kansas, 190 F.3d 1120, 1126 (10th Cir. 1999),

---

[1] The City of Albuquerque answered the complaint on March 7, 2005 (Doc. 37), but is not involved in this motion.

overruled on other grounds, Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356 (2001) (State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, and issue must be resolved before a court may address the merits of a case).

The New Mexico Defendants argue that they are entitled to Eleventh Amendment immunity as arms of the State. Plaintiff does not address this issue in his response. Congress did not abrogate Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. See Ellis v. University of Kansas Med. Center, 163 F.3d 1186, 1196 & n. 13 (10th Cir.1998); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) (state not a "person" within meaning of § 1983 statute); Quern v. Jordan, 440 U.S. 332, 341 (1979) (Congress did not abrogate states' Eleventh Amendment immunity in enacting 42 U.S.C. § 1983; Archuleta v. Lacuesta, 131 F.3d 1359, 1361 (10th Cir. 1997) (same).

Plaintiff is suing not only the State of New Mexico, but also the Motor Vehicle Division ("MVD"), which is a state agency. See, NMSA 1978 § 9-11-4(D) (as amended in 2005 )(motor vehicle division created as part of Taxation and Revenue Department); see also, Henry v. Albuquerque Police Dept., 2002 WL 31379859 (unpubl. opin) (10th Cir. 2002) (finding no error in court's conclusion that the Department of Motor Vehicles was a state agency and therefore entitled to Eleventh Amendment immunity).

**THEREFORE**,

**IT IS ORDERED**  that the Motion to Dismiss filed by Defendants State of New Mexico and Motor Vehicle Division **(Doc. 38)** is hereby GRANTED in that Plaintiff's claims against Defendant State of New Mexico and the Motor Vehicle Division are hereby DISMISSED based on lack of jurisdiction under Eleventh Amendment immunity;

**IT IS FURTHER ORDERED** that the captions in this case on all future pleadings shall reflect the dismissal of Defendants State of New Mexico and Motor Vehicle Division, as well as the dismissal of Defendants Albuquerque Police Department and the Bernalillo County Metropolitan Detention Center (as a result of this Court's Order entered February 4, 2005 (Doc. 28)), leaving Defendant City of Albuquerque as the sole remaining Defendant in this action.  This caption change must be followed in all subsequent pleadings. Pleadings which fail to conform to this Order may be stricken.

_____
UNITED STATES DISTRICT JUDGE