# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RALPH N. LESTER,

    Plaintiff,

v.                                                          Civil No. 04-1139 WJ/WDS

THE CITY OF ALBUQUERQUE,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS
## AND
## ENJOINING PLAINTIFF FROM FILING FURTHER SUCH MOTIONS

    THIS MATTER comes before the Court upon numerous motions filed by Plaintiff, who is proceeding *pro se* and *in forma pauperis*:

(1)    Motion by Plaintiff for Order to Attach Property, filed October 8, 2004 **(Doc. 3)**;
(2)    Motion by Plaintiff for Order to Allow Plaintiff to Hold Subject Property, filed October 15, 2004 **(Doc. 5)**;
(3)    Motion by Plaintiff for Order to Attach Property, filed October 15, 2004 **(Doc. 6)**;
(4)    Motion by Plaintiff for Order to Attach Property, filed February 24, 2005 **(Doc. 30)**;
(5)    Motion by Plaintiff for hearing on Motion for Temporary Restraining Order, filed February 24, 2005 **(Doc. 31)**.
(6)    Motion by Plaintiff for Order to Attach Property, filed October 19, 2004 **(Doc. 33)**;
(7)    Motion by Plaintiff for Order to Allow Plaintiff to Hold Subject Property, filed October 19, 2004 **(Doc. 34)**; and
(8)    Motion by Plaintiff for Temporary Restraining Order, filed October 19, 2004 **(Doc. 35)**.

### I.    Disposition of Motions

    In his Second Amended Complaint, Plaintiff alleges that Defendants have wrongfully detained his drivers' license, his automobile and his automobile's contents, including a briefcase, and that Plaintiff has suffered monetary damages as a result. All of the above motions ask for the same relief – the return of the items Plaintiff alleges have been wrongfully detained – which the

Court has previously denied. In the Court's Order entered October 18, 2004 (Doc. 9), the Court denied two motions in which Plaintiff sought temporary restraining orders for the return of his property. The Court concluded that the motions did not meet the requirements of Fed.R.Civ.P. 65(b). The eight pending motions listed above are self-styled somewhat differently, but nevertheless seek the same relief. The Court construes all of these motions as requesting the immediate return of the items over which Plaintiff has filed this lawsuit. There is no basis for granting relief where it has been previously denied. Further, courts disfavor granting relief where the injunction affords the movant "substantially all the relief he may recover at the conclusion of a full trial on the merits." SCFC ILC, Inc. v. Visa USA, Inc. 936 F.2d 1096 (10th Cir. 1991).

## II.    Future Pleadings

Plaintiff's abusive filing practices encumber judicial efficiency in a federal district court which is already sagging under an enormous case load, driven in part by border-related cases. The Court will not revisit Plaintiff's requests for return of his property until the Court addresses the merits of this case.

This Court has both the duty and the power to protect courts, citizens and opposing parties from the deleterious impact of repetitive, unfounded *pro se* litigation. Tripati v. Beaman, 878 F.2d 351, 352-53 (10th Cir. 1989). Therefore, the Court finds it appropriate to curb Plaintiff's practice of repeatedly filing variations of the same motion which the Court has previously considered and denied. Plaintiff is hereby ENJOINED from filing future motions seeking return of the items which he alleges have been wrongfully retained. This prohibition applies to the substance of the motion, regardless of how creatively the pleading is self-styled. Future pleadings in which Plaintiff seeks return of his property will be STRICKEN, and sanctions

may be imposed on Plaintiff for failure to comply with this Order.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motions seeking return of his property or injunctive relief regarding return of his property (**Docs. 3, 5, 6, 30, 31, 33, 34 and 35**) are hereby DENIED;

**IT IS FURTHER ORDERED** that Plaintiff is hereby ENJOINED from filing future motions seeking return of the items which he alleges have been wrongfully retained and is hereby cautioned that failure to comply with this Order will result in such pleadings being stricken, and may result in the imposition of sanctions.

_____
UNITED STATES DISTRICT JUDGE